IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3177-D

| | | |
|---|---|---|
| STEFON D. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHERIFF ED BROWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On October 1, 2010, Stefon D. Robinson ("Robinson" or "plaintiff"), a former pretrial detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Robinson seeks leave to proceed in forma pauperis [D.E. 2]. On October 12 and 29, 2010, Robinson filed motions for amercement [D.E. 4–5].[1] On April 18, 2011, Robinson filed a motion to amend his complaint to add a defendant [D.E. 6].

Courts must review complaints in civil actions in which pro se litigants seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is

---

[1] The Supreme Court has described amercements as "the medieval predecessors of fines." United States v. Bajakajian, 524 U.S. 321, 335 (1998).

flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 2011 WL 500227 (U.S. June 27, 2011) (No. 10-1016); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of opposing counsel or by leave of court. Fed. R. Civ. P. 15(a)(2). Because plaintiff's complaint is subject to review under § 1915A, no defendant has been served. Accordingly, Robinson's motion for leave to amend his complaint is granted. The court reviews the complaints together to determine whether Robinson has stated any claim upon which relief may be granted.

Robinson alleges that on June 9, 2010, while he was incarcerated at the Onslow County Jail, he was diagnosed with a hernia which required surgery. Compl. 3. Over the course of three days, Robinson "pleaded for pain medication," but the jail nurse refused to provide him medication. Id. Robinson was also "forced to sleep on the floor . . . which intensified [his] pain due to [the] stress required to become ambulatory." Id. Ultimately, Robinson "rush[ed] the med call gate" demanding

2

medication, and the jail nurse gave him "two white pills," which were prescribed for another detainee. Id. Robinson was then "punished by being put in segregation for complaining about pain medication" in a single-person cell with another detainee and was forced to sleep on the floor. Id. at 3–4. Robinson's pain intensified, and he was unable to "move for over 45 minutes." Id. at 4. A jail sergeant "said nothing could be done and refused [Robinson's] request to go to [the] emergency room." Id. Robinson "yelled for over 30 minutes for" help, and an officer again "said nothing could be done" and refused Robinson's request for emergency medical attention. Id. On June 14, 2010, a jail nurse "gave [Robinson] a generic drug that did not reduce pain." Id. Robinson was provided a third medication, which rendered him "unable to move and had very short breaths." Id. Robinson was then taken to Central Prison, which denied surgery, and Robinson "was shipped to Craven Correctional" Institution. Id.

Robinson seeks monetary damages for his pain and suffering. Id. Robinson names as defendant Onslow County Sheriff Ed Brown and, in his amended complaint, Southern Health Partners, which Robinson alleges has contracted to provide medical care to detainees in the Onslow County Jail.

To state a claim under 42 U.S.C. § 1983, Robinson must allege: (1) that defendants deprived him of a right secured by the Constitution and laws of the United States; and (2) that defendants deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). To state a section 1983 claim for inadequate medical care, a pretrial detainee must show deliberate indifference to his serious medical needs in violation of his due process rights. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16

3

(1979); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001); Hill v. Nicodemus, 979 F.2d 987, 991–92 (4th Cir. 1992). In order to prove such a claim, Robinson "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). A pretrial detainee, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. See, e.g., Estelle, 429 U.S. at 105–06.

It does not plainly appear from the face of the complaint that Robinson is not entitled to relief; therefore, Robinson's claim is allowed to proceed. However, Robinson may not proceed with his claim against the named defendants. Robinson fails to identify any individual act or omission that these defendants committed against him that rises to the level of a constitutional violation. Rather, Robinson improperly asserts the claim against these defendants in their supervisory capacities. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003); Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994); Smith v. Atkins, __ F. Supp. 2d __, 2011 WL 721851, at *10 (E.D.N.C. Feb. 22, 2011) ("Southern Health Partners cannot be liable for Jones's conduct under a respondeat superior theory"). Because Robinson failed to state a claim against these defendants on which relief may be granted, Robinson's claim against these defendants is dismissed. The court will allow Robinson to amend his claim to provide the name(s) of any defendant(s) directly responsible for the alleged failure to provide him with medical care.

In sum, Robinson's claim for deliberate indifference to a serious medical need is allowed to

4

proceed. The court GRANTS Robinson's motion to amend [D.E. 6], but defendants Brown and Southern Health Partners are DISMISSED. The court permits Robinson until August 5, 2011, to amend his claim for deliberate indifference to a serious medical need to cure the defects referenced in this order and particularize his claims. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam). Robinson must name defendant(s) who were actually responsible for his medical care and explain how any defendant(s) allegedly inflicted any injury. Plaintiff shall provide each defendant with fair notice of the claims asserted against each defendant. Plaintiff is WARNED that if he does not file an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure and this order by August 5, 2011, the court will dismiss the action without prejudice. If plaintiff files an appropriate amended complaint, the court will then conduct frivolity review. Plaintiff's motions for amercement [D.E. 4–5] are DENIED.

SO ORDERED. This 14 day of July 2011.

JAMES C. DEVER III
United States District Judge